**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

HECTOR GRASS, JR.,　　　　　　　　　　　Case No.: 22-19554-RAM
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor.
_____/

***EX-PARTE* APPLICATION FOR APPROVAL OF EMPLOYMENT OF
MICHAEL P. DUNN AND DUNN LAW, P.A., AS COUNSEL
TO MARCIA T. DUNN, CHAPTER 7 TRUSTEE**

MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Hector Grass, Jr. (the "Debtor"), files this *ex parte* application (the "Application") pursuant to 11 U.S.C. §§ 327 and 330 and Fed.R.Bankr.P. 2014 and 2016, seeking approval of the employment of Michael P. Dunn ("Dunn") and the law firm of Dunn Law, P.A. ("DLPA") as counsel to the Trustee and states:

**BACKGROUND**

1. On December 15, 2022 (the "Petition Date"), the Debtor, commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code.

2. Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

3. On January 17, 2023, the Debtor's Meeting of Creditors pursuant to 11 U.S.C. § 341 was held and concluded.

**RELIEF REQUESTED AND BASIS THEREFOR**

4. It is necessary that the Trustee employ attorneys to represent the Trustee in this case to perform ordinary and necessary legal services required in the administration of the Estate.

5. The Trustee seeks to retain Dunn and DLPA to advise and represent her in this

bankruptcy case.

6. Dunn and DLPA have substantial experience in bankruptcy and reorganization cases before this Court and others, and are qualified to act as counsel for the Trustee.

7. The Trustee believes that the attorneys of DLPA are qualified to practice in this Court and are qualified to advise the Trustee on her relation with, and responsibilities to, the creditors and other interested parties.

8. The Trustee seeks authorization from the Court to retain DLPA to, among other things, consult with the Trustee concerning the administration of this case, to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, and assist the Trustee in recovery of assets. Such services are necessary and the Trustee submits that the employment of DLPA would be in the best interest of the Debtor's Estate.

9. It is in the best interest of this Estate and its economical administration that Dunn and DLPA, a law firm of which the Trustee is a shareholder and partner, be authorized to act as an attorney for the Estate.

10. To the best of the Trustee's knowledge, DLPA is "disinterested" (as such term is defined in 11 U.S.C. § 101(14)) as required by 11 U.S.C. § 327(a) and has no connection with the Debtor, the creditors or any other party in interest, except as set forth in the *Declaration of Michael P. Dunn on behalf of Dunn Law, P.A., as Proposed Counsel to Marcia T. Dunn, Chapter 7 Trustee* (the "Affidavit"), attached hereto as **Exhibit "A."**

11. Except as otherwise disclosed herein, neither Dunn nor DLPA hold or represent any interest adverse to the Estate and the Trustee believes that the employment of DLPA would be in the best interest of the Estate.

12. DLPA has agreed to perform the foregoing services at its ordinary and usual hourly billing rates for the attorneys and staff working on this matter. The current hourly rates for the attorneys at DLPA range from $325.00 to $550.00. The current hourly rate of Michael P. Dunn, the primarily

2

responsible attorney in this case, is $460.00. DLPA will incur out-of-pocket disbursements in the rendition of the services for which it shall seek reimbursement. DLPA recognizes that its compensation is subject to approval and adjustment by the Court in accordance with 11 U.S.C. § 330.

13. DLPA will apply for compensation and reimbursement of costs pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred during its representation of the Trustee in this case.

14. Good cause exists to permit the Trustee to employ the firm of which she and Dunn are partners, and such employment is in the best interest of the Estate because such employment will result in substantial cost savings, expedited administration, and is warranted due to DLPA's existing administrative involvement.

15. The Trustee believes that Dunn is qualified to practice in the Bankruptcy Court and is qualified to advise the Trustee on its relations with and responsibilities to the Debtor, the creditors, and other parties herein.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an *ex-parte* order substantially in the form attached hereto as **Exhibit "B"** (i) approving the selection and employment of Michael P. Dunn and Dunn Law, P.A. as counsel to the Trustee in this case; and (ii) granting any other relief as this Court deems appropriate.

Dated: January 24, 2023                                Respectfully submitted,

**Marcia T. Dunn, Trustee**
66 West Flagler Street
Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
mdunn@dunnlawpa.com

By: /s/ *Marcia T. Dunn, Trustee*
      Marcia T. Dunn, Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 24th day of January, 2023, upon the Debtor and scheduled secured creditors:

| | |
|---|---|
| Hector Grass, Jr., *Debtor*<br>6110 NW 114 St<br>Hialeah, FL 33012-6577 | *No scheduled secured creditors* |

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 24th day of January, 2023, upon all registered users in this case.

> **DUNN LAW, P.A.**
> *Proposed Counsel for Marcia T. Dunn, Trustee*
> 66 West Flagler Street, Suite 400
> Miami, Florida 33130
> Tel: 786-433-3866
> Fax: 786-260-0269
> michael.dunn@dunnlawpa.com
>
> By:   */s/ Michael P. Dunn*
>         Michael P. Dunn, Esq.
>         Florida Bar No. 100705

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

  HECTOR GRASS, JR.,                           Case No.: 22-19554-RAM
                                                               Chapter 7
      Debtor.
_____/

**DECLARATION OF MICHAEL P. DUNN ON BEHALF OF DUNN LAW, P.A,
AS PROPOSED COUNSEL TO MARCIA T. DUNN, CHAPTER 7 TRUSTEE**

1.      I am Michael P. Dunn (the "Applicant"). I am a licensed attorney duly admitted to practice in the courts of the State of Florida and the U.S. District Courts for the Southern District of Florida and Middle District of Florida, and I am presently in good standing before such courts. I certify that I am qualified to practice before the U.S. Bankruptcy Court for the Southern District of Florida as set forth under Local Rule 2090-1.

2.      I am the managing partner of the law firm of Dunn Law, P.A. ("DLPA"), which maintains offices for the practice of law at 66 West Flagler Street, Suite 400, Miami, Florida 33130.

3.      I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *Ex-Parte Application for Approval of Employment of Michael P. Dunn and Dunn Law, P.A. as Counsel to Marcia T. Dunn, Chapter 7 Trustee* (the "Application").

4.      In support of the Application, I disclose the following:

    a.    Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

    b.    In preparing this Declaration, I reviewed a list of creditors derived from the documents filed to date with the Court by Hector Grass, Jr. (the "Debtor") and a UCC search. I compared the information obtained thereby with the information contained in DLPA's client and adverse party conflict check index system. The facts stated in this Declaration as to the relationship

1

between other lawyers in our law firm and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in 11 U.S.C. § 101(14) are based on the results of my review of DLPA's conflict check index system. Specifically, I have caused to be conducted a computer search of DLPA's internal files and billing records in respect of all of the names referred to in the first sentence of this Paragraph 4(b). Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of DLPA.

5. DLPA's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the Firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. Applicant and DLPA are disinterested as required by 11 U.S.C. § 327(a) and do not have any connection with the Debtor, any creditor or party-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee pursuant to Bankruptcy Rule 2014, with the following exceptions**: (a)** Marcia T. Dunn, Esq. is a shareholder and partner of DLPA, and the Chapter 7 Trustee herein; and **(b)** I am a shareholder and managing partner of DLPA.

7. DLPA submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in this case.

8. Other than as set forth in this Declaration, DLPA neither holds nor represents any interest adverse to the Estate and is a "disinterested person" within the scope and meaning of 11 U.S.C. § 101(14).

9. Neither I nor DLPA has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Trustee, unless otherwise authorized by the Court.

10. The professional fees and costs incurred by DLPA in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

11. The current hourly rates for the attorneys at DLPA range from $325.00 to $550.00. I am the attorney with primary responsibility in this case and my current hourly rate is $460.00. The current hourly rates for the legal assistants and paralegals at DLPA range from $175.00 to $250.00. DLPA typically adjusts its hourly rates annually on January 1st.

12. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by DLPA or any shareholder or associate of DLPA as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13. No attorney in our firm has any other connection with the Debtor, creditors, United States Trustee or any employee of that office, or any other parties in interest.

14. No attorney in our firm has any other interest, direct or indirect, that may be affected by the proposed representation.

15. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

16. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

17. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two (2) years of the Petition Date.

18. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three (3) years of the Petition Date.

19. Except as set forth herein, no attorney in our firm has had or presently has any connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

20. To the extent that any information disclosed herein requires supplementation, amendment or modification upon Applicant's completion of further analysis or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

<u>28 U.S.C § 1746 Declaration</u>

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2023.

/s/ *Michael P. Dunn*
Michael P. Dunn, Esq.
Florida Bar No. 100705
DUNN LAW, P.A.
michael.dunn@dunnlawpa.com

4

**EXHIBIT "B"**
*Proposed Order*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

HECTOR GRASS, JR.,                              Case No.: 22-19554-RAM
                                                Chapter 7
　　　　Debtor.
_____/

**ORDER GRANTING *EX-PARTE* APPLICATION FOR APPROVAL OF
EMPLOYMENT OF MICHAEL P. DUNN AND DUNN LAW, P.A.,
AS COUNSEL TO MARCIA T. DUNN, CHAPTER 7 TRUSTEE**

**THE MATTER** having come before the Court *ex-parte* upon the *Application for Approval of Employment of Michael P. Dunn and Dunn Law, P.A. as Counsel to Marcia T. Dunn, Chapter 7 Trustee* (the "Application") [D.E. __] and the *Declaration of Michael P. Dunn in Support of the Application* (the "Declaration") attached to the Application as **Exhibit "A."** The Application requests entry of an order, approving the Trustee's employment of Dunn Law, P.A. to represent her as counsel in this Chapter 7 case.

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in

1

the Application is in the best interests of the Estate and the creditors. The Declaration makes relevant disclosures as required by Fed.R.Bankr.P. 2014 and Fed.R.Bankr.P. 2016. The Declaration contains a verified statement as required by Fed.R.Bankr.P. 2014 demonstrating that Michael P. Dunn and Dunn Law, P.A. are disinterested as required by 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014(a), the Court is authorized to grant the relief requested in the Application. Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

**ORDERED** as follows:

1.  The Application is **GRANTED**.

2.  The employment of Dunn Law, P.A. as counsel to the Trustee in this Chapter 7 case is **APPROVED** pursuant to 11 U.S.C. § 327(a).

3.  The Trustee is authorized to employ Michael P. Dunn, Esq. and Dunn Law, P.A. as attorneys for the Trustee on a general retainer pursuant to 11 U.S.C. §§ 327 and 330.

4.  Dunn Law, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Trustee. Dunn Law, P.A. will apply for compensation and reimbursement of costs.

5.  This Court reserves jurisdiction over the parties and the subject matter to award and/or approve fees and expenses of said parties appointed herein, in accordance with the applicable statutes and procedures.

#     #     #

**Submitted by:**

Michael P. Dunn, Esq.
Dunn Law, P.A.
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400

Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

*Attorney Dunn is directed to serve a copy of this Order upon all interested parties, and to file a Certificate of Service with the Court.*